## LOAIZA *v.* CABALLERO.

### APPEAL from the District Court of San Juan.

No. 59.—Decided April 4, 1904.

ACTIONS—EVIDENCE.—In all classes of actions, the burden rests upon the plaintiff to establish his case by a preponderance of the evidence. *Held,* upon acceptance of the facts found by the trial court, that the plaintiff has fully complied with this requirement in the present case.

DIVORCE—ACQUIESCENCE OF THE WIFE IN COMPLAINT—ABANDONMENT—MUTUAL CONSENT.—The acquiescence of the wife in an action for divorce, manifested by her distinctly stating that more than three years ago she abandoned the conjugal home, during which time she had not even addressed a word to her husband, in consequence of their constant quarrels and the jealousy which always existed between them, which statements are corroborated by the testimony of two witnesses, should not be understood as implying mutual consent to a divorce by the parties, but as implying that all such acts, done knowingly and persistently by the wife, constitute the abandonment recognized by article 164 of the Civil Code as a ground of divorce.

COSTS.—The acquiescence of the defendant in the complaint, her confession in court and failure to appear before the appellate court, are matters which justify the equitable imposition of costs.

### STATEMENT OF THE CASE.

The hearing was had in the action for divorce prosecuted in the District Court of San Juan by Francisco Loaiza González, married, of age, and a resident of Río Piedras, as plaintiff, represented in this Supreme Court by Attorney Sandalio Torres Monge, the *Fiscal* being one of the parties, against Mauricia Rosario Caballero, who has failed to appear, for which reason the service of notices was made in the court room; said case being now before us on appeal taken by Loaiza from the judgment rendered, which reads as follows:

"Judgment.—In the city of San Juan, Porto Rico, May 19, 1903. An oral and public hearing was had of the present declaratory

blico los presentes autos declarativos sobre divorcio, seguidos entre partes, de una como demandante, Don Francisco Loaiza González, casado, mayor de edad y vecino de Río Piedras, representado por el abogado Don Sandalio Torres Monge, y de la otra como demandada, Doña Mauricia Rosario Caballero, conocida por Mariana, de treinta años de edad, casada y vecina de Río Piedras, y en su nombre, el abogado Don José C. Rodríguez Cebollero, sin que consten las demás generales de las partes.

1. *Resultando*: que en el mes de Septiembre de 1902 el abogado Don Sandalio Torres, en la representación que ostenta, dedujo demanda de divorcio contra la esposa de su representado, fundándola en los siguientes hechos: que en 2 de Diciembre de 1889 contrajeron matrimonio canónico demandante y demandada, en el pueblo de Río Piedras; que el matrimonio vivió en completa paz durante los diez primeros años, reinando la mejor inteligencia entre los cónyuges, los que consagraban á sus hijos las mayores solicitudes; que esta armonía duró hasta que los celos de la esposa trajeron la discordia al hogar cónyugal, el cual abandonó, yéndose á vivir á la casa paterna, desde hace más de dos años y que en vista de que la esposa persistía en sus propósitos de abandono, se intentó, sin efecto, el acto de conciliación ante el Juzgado Municipal de Río Piedras, solicitando que, previos los trámites legales, se declarase con lugar la demanda, con las costas á la demandada, si á ella se opusiere.

2. *Resultando*: que subsanados ciertos defectos, se admitió la referida demanda y se confirió traslado de ella á la demandada y al Ministerio Fiscal, contestándola á nombre de aquella el abogado Rodríguez Cebollero, admitiendo como ciertos los hechos relacionados en la demanda; pero manifestando que si bien es cierto el hecho del abandono desde hace más de cuatro años, no lo es menos que obedeció á fundados motivos, entre ellos, las repetidas ausencias, por períodos más ó menos largos, del esposo durante los cuales quedaban la esposa é hijos en el mayor abandono, careciendo hasta de lo más indispensable para la subsistencia; notarse en el esposo una falta de apego hácia aquellas personas, lo que unido á los malos tratos de palabra, la obligaron á abandonar la casa matrimonial como remedio para poner término á sus sufrimientos, allanándose á pesar de estas consideraciones, á la demanda presentada en los términos en que aparecía formulada.

3. *Resultando*: que convocadas las partes á una comparecencia verbal para proponer las pruebas de que intentasen valerse en pro

action for divorce, brought by Francisco Loaiza González, married, of age, and a resident of Río Piedras, as plaintiff, represented by Attorney Sandalio Torres Monge, against Mauricia Rosario Caballero, known as 'Mariana,' thirty years of age, married and residing in Río Piedras, as defendant, represented by Attorney José C. Rodríguez Cebollero, the other legal conditions of the parties being unknown.

"In September, 1902, Attorney Sandalio Torres, on behalf of plaintiff herein, brought an action for divorce against his client's wife, based on the following facts: That on December 2, 1889, the plaintiff and defendant contracted canonical marriage in the town of Río Piedras; that the couple lived in perfect peace during the first ten years, the best understanding prevailing between the spouses, who were wholly given up to the care of their children; that this harmony lasted until the jealousy of the wife brought discord into their home, which was abandoned by the latter, who more than two years ago went to live with her parents; and that, seeing the wife's persistence in her determination to abandon her husband, proceedings to secure a conciliation were instituted in the municipal court of Río Piedras without any result. He prayed that after the proper proceedings the complaint be sustained, with costs against the defendant, should she oppose the same.

"After correcting certain defects the said complaint was admitted, notice thereof being served upon the defendant and the Department of Justice. Answer thereto was made on behalf of the defendant by Attorney Rodríguez Cebollero, who admitted that the facts stated in the complaint were true, but stated that although the fact of abandonment more than four years ago was true, it was also true that there had been sufficient reasons therefor, among these, the repeated absence of the husband for periods more or less extended, during which the wife and children were left in the greatest destitution, without even the most indispensable necessaries of life; and the lack of affection for them, evinced by the husband, which, together with his abusive language, compelled her to abandon her husband's house, as the only remedy to put an end to her sufferings. Notwithstanding these facts, she acquiesced in the complaint as formulated.

"The parties being summoned to a verbal hearing for the purpose of submitting such evidence as they proposed to introduce in support

de sus respectivas pretensiones, sólo concurrió el demandante, quién propuso la de confesión y testifical, pruebas que fuerón declaradas pertinentes por providencia de cuatro de Febrero último y mandadas á practicar con citación de la parte contraria.

4. *Resultando*: que en el acto del juicio oral declararon los testigos Alejandro Saavedra: que hace más de tres años que la esposa (del demandante) abandonó el hogar cónyugal á consecuencia de disgustos por celos que tenían ambos; que los dos se separaron tirando cada uno por su lado y levantando la casa, que él hace dos años que, vive en Mayagüez y ella en Río Piedras; Manuel Rivera Ramírez, que la esposa (del actor) abandonó á su marido hace dos ó tres años, marchándose él á Mayagüez cuando la mujer le abandonó y que ignora las causas de esta separación; Benito Rivera, que hace más de tres años que mutuamente se separaron, levantando el hogar doméstico; que esto obedeció á disgustos que continuamente tenían.

5. *Resultando*: que en el citado acto del juicio oral la demandada, absolviéndo posiciones, dijo: que hace más de tres años que la declarante abandonó el hogar cónyugal sin que durante ese tiempo haya dirigido ni siquiera la palabra á su esposo, y que esto obedeció á los disgustos y celos que siempre existían entre ellos.

6. *Resultando*: que terminadas las pruebas, y después de haber informado los abogados defensores, el Tribunal dictó sentencia declarando sin lugar la demanda con las costas á la parte actora.

7. *Resultando*: que en la sustanciación de este litigio se han guardado las reglas del procedimiento

*Visto*: siendo Ponente el Juez Asociado Mr Frank H Richmond.

1. *Considerando*: que si en toda clase de juicio es obligación del demandante probar de una manera plena y cumplida la acción que ejercita, lo es mucho más en pleitos que, como los de divorcio, afectan al estado civil de las personas, circunstancia por la que debe desestimarse por insuficiente la prueba practicada en el acto del juicio oral, pues de las declaraciones de los tres testigos examinados no se justifica más sino que las partes se separaron por consentimiento mutuo y con motivo de varios disgustos que ocurrieron entre los dos.

2. *Considerando*: que si bien el abandono por más de un año es una de las causas que admite para el divorcio el Artículo 164 del Código Civil vigente, en su apartado 5o., tal abandono no debe con-

of their respective claims, the only one to appéar was the plaintiff, who proposed the proofs of confession in court and the testimony of witnesses, which, by an order of the 4th of February last were declared pertinent and ordered to be taken, with citation of the adverse party.

"At the oral trial the following witnesses testified: Alejandro Saavedra, who stated that over three years ago the wife (of the plaintiff) abandoned her husband's house, in consequence of quarrels arising from jealousy between them; that they separated, breaking up house, and going away from each other; that it is now two years since he has been living in Mayagüez and she in Río Piedras;. Manuel Rivera Ramírez, that the wife (of plaintiff) abandoned her husband two or three years ago, he going to Mayagüez after she had left him, and that he does not know the cause of this separation; Benito Rivera, that more than two years ago they mutually separated, breaking up house on account of their constant quarrels.

"At aforesaid oral trial the defendant, in answer to interrogatories, said: That more than three years ago witness had abandoned her husband's house, during which time she had not even addressed a word to him, and that this was due to the constant quarrels and jealousy that had arisen between them.

"After having finished the taking of evidence, and hearing the arguments of counsel for both parties, the court rendered judgment rejecting the complaint and imposing costs upon the plaintiff.

"In the hearing of this case the rules of procedure have been observed.

"Judge Frank H. Richmond prepared the opinion of the court, as follows: .

"If in all classes of actions it devolves upon the plaintiff fully and satisfactorily to prove the kind of action he maintains, this is the more so in suits, such as those of divorce, which affect the civil status of persons, by reason of which circumstance the evidence taken at the oral trial should be rejected as insufficient, because from the testimony of the three witnesses examined nothing is shown beyond the fact that the parties separated by mutual consent, as a result of the·various quarrels occurring between them.

"Although abandonment for a longer period of time than one year is one of the causes for divorce admitted by section 164 of the existing Civil Code, under subdivision 5 thereof, such abandon-

fundirse con la separación mútua más ó menos motivada de los cónyuges, no siendo una separación de consentimiento recíproco y mútuo, el abandono legal en que puede fundarse la disolución judicial del matrimonio.

3. *Considerando*: que el litigante cuyas pretensiones sean totalmente desestimadas, debe ser condenado en costas.

*Visto* el artículo citado y demás del Código Civil, los de la Ley de Enjuiciamiento Civil aplicables al caso y la Orden General No. 118 de 1899.

*Fallamos*: que debemos declarar y declaramos sin lugar la presente demanda, y en su virtud debemos absolver y absolvemos de ella á la demandada, con las costas á la parte actora.

Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos: Juan Morera Martínez, Frank H. Richmond, José Tous Soto''.

*Resultando*: que contra la anterior sentencia interpuso Don Francisco Loaiza González recurso de apelación, y elevados los autos á esta Corte Suprema, previa citación y emplazamiento de las partes, se personó la apelante, quien evacuó el trámite de instrucción en el período oportuno, evacuándolo en los Estrados la parte apelada.

*Resultando*: que el Fiscal, al cumplir con igual trámite, se adhirió al recurso por las razones alegadas en su escrito.

*Resultando*: que señalado día para la vista se celebró ésta y la parte apelante y el Fiscal sostuvieron in voce la necesidad de la revocación de la sentencia recurrida.

Abogado del apelante: *Sr. Torres Monge.*

Abogado del Pueblo: *Sr. del Toro* (Fiscal).

La parte apelada no compareció.

El Juez Asociado Sr. Figueras, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los resultandos de la referida sentencia, y

*Considerando*: que si es indiscutible que al actor incumbe la prueba de su acción, en el presente caso se ha cumplido con ese esencial requisito, toda vez que la demandada se allanó á la demanda, y absolviendo posiciones manifestó

ment should not be confounded with the more or less justified mutual separation of the spouses, a separation by mutual consent not consti- tuting legal abandonment upon which the judicial dissolution of the marriage can be based.

"The litigant who loses his case on all points should be adjudged to pay the costs.

"In view of the section cited and other articles of the Civil Code, the articles of the Law of Civil Procedure applicable to the case, and General Order No. 118 of 1899, we adjudge that we should declare and do declare that the present complaint should be dismissed, and accordingly that we should absolve and do absolve the defendant therefrom, with costs against the plaintiff.

"Thus by our decision, finally adjudging, do we pronounce, com- mand and sign. Juan Morera Martínez, Frank H. Richmond, José Tous Soto."

From the foregoing judgment an appeal was taken by Francisco Loaiza González, and the record having been for- warded to this Supreme Court, after citation of the parties, the appellant appeared and examined the papers within the prescribed period, the respondent failing to appear.

The *Fiscal,* upon examination of the record, sustained the appeal for the reasons stated in his written argument.

A day having been set for the hearing, the same was had and the appellant and the *Fiscal* argued in favor of a reversal of the judgment appealed from.

*Mr. Torres Monge,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

The respondent did not appear.

MR. JUSTICE FIGUERAS, after making the above statement of facts, delivered the opinion of the court.

The findings of fact contained in aforesaid judgment are accepted.

If there can be no question as to its being incumbent upon the plaintiff to prove the action maintained by him, this essential requisite has been complied with in the present case, inasmuch as the defendant has acquiesced in the complaint,

categóricamente que hace más de tres años abandonó el hogar
conyugal, sin que durante ese tiempo haya dirigido ni
siquiera la palabra á su esposo, y que tal actitud obedeció á
disgustos y celos que siempre existían entre ellos, manifes-
tación que sustancialmente se encuentra integrada por las
declaraciones de dos testigos que atribuyen el abandono á la
esposa Doña Mauricia Rosario Caballero.

*Considerando*: que no se trata aquí de una separación de
consentimiento recíproco y mutuo, como se expresa en el
segundo fundamento de derecho de la sentencia apelada, sino
que, por el contrario, se ha demostrado que la esposa miró
con indiferencia y desvío á la persona de su esposo, dejándolo
sólo por más de dos años en el hogar que ambos consti-
tuyeron, olvidándose ella del matrimonio que les obligaba á
vivir unidos en ánimo y bajo un mismo techo, constituyendo
todos esos actos realizados conscientemente y sostenidos con
tenaz voluntad por parte de la esposa, el abandono á que se
refiere el No. 5 del Artículo 164 del Código Civil reformado.

*Considerando*: que el allanamiento de ésta á la demanda,
su confesión en el juicio y su incomparecencia ante esta
Superioridad, son hechos que deciden al Tribunal á resolver
sobre las costas conforme á equidad.

Vistas las disposiciones citadas, los Artículos 358, 364 y
371 de la Ley de Enjuiciamiento Civil, la regla 63 de la Orden
General No. 118, serie de 1899, y la Ley de la Asamblea Legis-
lativa de 12 de Marzo de 1902.

*Fallamos*: que revocando la sentencia apelada que dictó
la Corte de Distrito de San Juan en 19 de Marzo del año
anterior, debemos declarar y declaramos con lugar la de-
manda de divorcio y en su consecuencia disuelto el matri-
monio que en dos de Diciembre de mil ochocientos ochenta
y nueve contrajeron Don Francisco Loaiza González y Doña
Mauricia Rosario. Caballero, sin hacer expresa condenación
de las costas de ambas instancias.

and, replying to interrogatories, distinctly stated that more than three years ago she abandoned the conjugal roof, during which time she had not even addressed a word to her husband, and that this conduct on her part was the result of their constant quarrels and the jealousy existing between them—a statement substantially borne out by the testimony of two witnesses who impute the abandonment to the wife, Mauricia Rosario Caballero.

The question here is not one of separation by mutual consent, as stated in the second conclusion of law of the judgment appealed from; but, on the contrary, it has been shown that the wife had looked upon her husband with indifference and aversion, she having left him for more than two years alone in the home that both had formed, and forgetting the marriage ties that impose upon both the duty of living as one under the same roof; all which acts, knowingly and persistently done by the wife, constitute the abandonment referred to in subdivision 5, section 164, of the revised Civil Code.

Her acquiescence in the complaint, her confession in court, and her non-appearance before this Supreme Court, are facts that compel the court to give an equitable decision in the matter of costs.

In view of the provisions cited of articles 358, 364 and 371 of the Law of Civil Procedure, rule 63 of General Order No. 118, series of 1899, and the act of the Legislative Assembly of March 12, 1902, we adjudge that, reversing the judgment appealed from, rendered by the District Court of San Juan on the 19th of last year, we should declare and do declare that the action for divorce was properly brought, and accordingly the marriage contracted between Francisco Loaiza González and Mauricia Rosario Caballero, December 2, 1899, is dissolved, without special imposition of the costs of both trial and appeal.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Sulzbacher y MacLeary.

---

DEL TORO *v.* ARAMBARRY ET AL.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 97.—Resuelto en Abril 4, 1904.

DESAHUCIO—CONTRA QUIEN PROCEDE.—La acción de desahucio procede contra los que posean la finca sin pagar merced alguna, siempre que sean requeridos para que la desocupen, con un mes de anticipación.

ID.—OPOSICIÓN.—El juicio de desahucio no es el adecuado para discutir cuestiones referentes al derecho de los demandados á poseer la finca objeto del mismo.

COSTAS.—Dictada una sentencia á favor del demandante *sin especial condenación de costas,* deberá quedar subsistente tal pronunciamiento, si el demandante no hubiera apelado contra la sentencia ni se hubiera adherido al recurso interpuesto por los demandados.

EXPOSICIÓN DEL CASO.

En el juicio seguido ante el Tribunal de Distrito de Arecibo por Don Juan del Toro y Cancel contra Don Pedro Arambarry y Doña Ramona Cruz, sobre desahucio; juicio pendiente ante *nos* á virtud de recurso de apelación interpuesto por los demandados contra la sentencia pronunciada en dicho juicio, habiendo representado y dirigido ante esta Corte Suprema á los apelantes el Letrado Don Jacinto Texidor, y á la parte apelada el Letrado Don Félix Santoni.

*Resultando*: que la expresada sentencia, dictada en veinte y nueve de Julio del año próximo pasado, copiada á la letra dice:

"*Sentencia,* número 19.—En Arecibo, á veinte y nueve de Julio de mil novecientos tres. *Visto* ante esta Corte de Distrito en juicio oral y público la demanda de desahucio por precario instada por el Licenciado Don Félix Santoni Rodríguez, á voz y nombre de Don Juan del Toro y Cancel, mayor de edad, agricultor, vecino de Utuado,

Chief Justice Quiñones and Justices Hernández, Sulz-bacher and MacLeary concurred.